IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAIR HOUSING RIGHTS CENTER IN | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-4677 |
| MORGAN PROPERTIES MANAGEMENT | : | |
| COMPANY, LLC, ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                  **JUNE  29  , 2018**

Presently before the Court is Defendants' Motion *in Limine*.  (ECF No. 51.)  For the

following reasons, the Motion will be **DENIED**.

**I.      BACKGROUND**

Plaintiff Fair Housing Rights Center in Southeastern Pennsylvania ("FHRC") is a non-

profit agency that works to ensure that persons with disabilities are provided equal access to

housing opportunities.  (Am. Compl. ¶ 13, ECF No. 2.)   Defendant Morgan Properties

Management Company, LLC ("Morgan") manages over 35,000 rental units in 120 complexes in

10 states, including three properties in the Philadelphia area:  Brookside Manor Apartments and

Townhomes and Kingswood Apartments, which are owned by Defendant KBF Associates L.P.,

and Montgomery Woods Townhomes, which is owned by Defendant Montgomery Woods

Owner LLC.  (*Id.* ¶¶ 1-2; Joint Stip. ¶ 1, ECF No. 21)   FHRC alleges that Defendants unlawfully

discriminated against tenants with disabilities and discouraged persons with disabilities from

applying to live in Defendants' apartments, in violation of the Fair Housing Amendments Act

(FHAA) and the Pennsylvania Human Relations Act (PHRA).   (Am. Compl. ¶ 9.)

In 2012, FHRC received a complaint from a disabled person ("the complainant") who lived at Brookside Manor.  (*Id*. ¶ 25.)  The complainant was unable to work because of his disability, and therefore relied on Social Security Disability Insurance (SSDI) in order to pay his rent. (*Id*.)  Defendants required the complainant to pay rent on the first day of every month; however, the complainant did not receive his social security check until after the rent was due. (*Id*.)  The complainant requested that KBF and Morgan change his rent due date so that it would be due after he received his SSDI check.  (*Id*.)  FHRC alleges that KBF and Morgan denied his request, and instead charged him late fees and refused to renew the complainant's lease.  (*Id*.)

After receiving this complaint, Plaintiff launched an investigation into the potential disability discrimination occurring at Morgan's other properties.  (*Id*. ¶ 26.)  FHRC investigated three buildings in the Philadelphia area:  Brookside Manor Apartments and Townhomes, Kingswood Apartments, and Montgomery Woods Townhomes.[1]  (*Id*. ¶ 27.)  As part of its investigation, FHRC engaged three different "testers" to contact the respective buildings and to inquire about Defendants' policies for adjusting monthly rent due dates for SSDI recipients.  (*Id*.)  FHRC alleges that its investigation revealed that Defendants refused to grant reasonable accommodations to its testers as a matter of Morgan's company-wide policy.  (*Id.* ¶ 8.)

On August 21, 2013, Plaintiff filed a complaint with the United States Department of Housing and Urban Development ("HUD") against Defendants for violations of the FHAA and the PHRA.  (*Id*. ¶ 53.)  HUD accepted the complaint and referred it to the Pennsylvania Human Relations Commission ("PHRC").  (*Id*. ¶¶ 53-54.)  On September 29, 2015, the PHRC found that probable cause existed that Morgan engaged in unlawful discrimination.  (*Id*. ¶ 54.)  The PHRC

---

[1] FHRC also sent testers to one of Defendants' New Jersey Properties, the Towers of Windsor Park.  (*See* Pl. Resp. to Def. SJ Mot., ECF No. 59, Ex. 14 (Filed Under Seal).)  There is no mention of the Towers of Windsor Park in FHRC's Amended Complaint.

has not resolved Plaintiff's complaint. (*Id*.) On August 29, 2016, Plaintiff filed a Complaint in this Court (ECF No. 1.), and on September 1, 2016, Plaintiff filed an Amended Complaint.

During discovery, FHRC obtained information concerning properties owned and/or operated by Defendants other than the three Philadelphia-area properties mentioned specifically in the Amended Complaint. This evidence includes statements made by Defendants' 30(b)(6) deponent-witnesses and other employees of Defendants regarding Morgan's company-wide practices, rental arrangements between Morgan and tenants at these other properties, and expert analysis of Morgan's rental practices in comparison to the general rental property industry. (*See* Pl. Resp. Exs. 1-2, 4-9.)

On November 13, 2017, Defendants filed the instant Motion *in Limine*. FHRC filed a Response on November 27, 2017. (Pl. Resp., ECF No. 55.) Defendants filed a Reply on December 8, 2017. (Def. Reply, ECF No. 58.)

## II. LEGAL STANDARD

"Evidence is relevant if it (a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless the Rules or other applicable law provide otherwise, with the natural corollary being that irrelevant evidence is not admissible. Fed. R. Evid. 402.

Where, as here, there is a pending summary judgment motion as well as a motion *in limine* seeking the exclusion of evidence, the court must rule on the admissibility issue first, because "[o]nly evidence which is admissible at trial may be considered in ruling on the [summary judgment] motion." *Bozilovic v. Holder*, No. 15-91, 2016 WL 8716256, at *3 (E.D.

Pa. Feb. 5, 2016) (citing *Countryside Oil Co., Inc. v. Travelers Ins. Co.*, 928 F. Supp. 474, 482 (D.N.J. 1995)).

## III.   DISCUSSION

Defendants seek to preclude FHRC from introducing evidence related to any of the properties managed, owned, or operated by Defendants not specifically identified in FHRC's Amended Complaint.  Defendants argue that any evidence of accommodations made to tenants at their other properties, as well as their policies and procedures at those properties, is irrelevant to the determination of FHRC's claims in this case.  Defendants also argue that this Court's prior discovery ruling vis-à-vis the unnamed properties renders that evidence irrelevant, as does the actual nature of the evidence FHRC seeks to admit.  FHRC responds by arguing that evidence of Defendants' practices at their other properties is relevant because it directly refutes Defendants' "undue burden" defense to FHRC's reasonable accommodation claims.

A plaintiff bringing an FHAA reasonable accommodation claim in the Third Circuit bears the initial burden of showing that the requested accommodation is necessary to afford disabled persons an equal opportunity to use and enjoy a dwelling.  *Lloyd v. Presby's Inspired Life*, 251 F. Supp. 3d 891, 898-99 (E.D. Pa. 2017) (citing *Lapid-Laurel, LLC v. Zoning Bd. of Adjustment of Twp. of Scotch Plains*, 284 F.3d 442, 457 (3d Cir. 2002).  If the plaintiff meets that burden, the burden then shifts to the defendant to show that the requested accommodation is unreasonable, a "highly fact-specific" process "requiring a case-by-case determination."  *Lapid-Laurel*, 284 F.3d at 462

We find that evidence related to Defendants' policies and practices is relevant to Plaintiff's reasonable accommodation claim.  Defendants have consistently argued throughout the course of this litigation that Plaintiff's requested accommodations would result in an undue

burden, *i.e.*, that the accommodations would be unreasonable.  In support of that argument,

Defendants have noted that all 35,000 rental units in their 120 properties are connected to the

same property-management software system, and so changes to Defendants' management

procedures at some individual properties would require manual alteration of the software system

at those properties and thus would require Defendant to expend significant resources.  (Def. Br.

Judg. on Pleadings, ¶ 14, ECF No. 23; Def. SJ Mot., ¶¶ 15-16, ECF No. 54.)  Defendants have

also argued that Plaintiff's proposed accommodations would result in delayed rent collection and

increased rent delinquencies, and would therefore "impair Defendants' ability to meet their

financial obligations."  (*Id.*)  In addition, Defendants have argued that making the type of

accommodations Plaintiff requests – reprogramming the software system, modifying their rent

due dates and collection procedures – would not simply be an annoying yet feasible change, but

rather would "fundamentally alter" the way Defendants do business.  (*Id.*)  Clearly, evidence that

Defendants *do* make accommodations at their other properties similar to the accommodations

Plaintiff requests here goes directly to the heart of whether Plaintiff's requested accommodations

would actually require Defendants to expend significant resources or fundamentally alter their

business practices.  Evidence related to the other properties is unquestionably relevant to

Defendants' undue burden defense against Plaintiff's reasonable accommodation claims.

Defendants' argument relying on this Court's prior discovery ruling is unavailing.

During a telephone conference held in response to a discovery dispute, this Court limited the

amount of information Plaintiff could request from Defendants as to those other properties.  The

Court did not preclude Plaintiff from obtaining or offering any evidence related to those other

properties.  In fact, Defendants did produce information during discovery related to their other

properties, and Defendants' 30(b)(6) representative-deponents were instructed to answer any

questions as to these other properties, provided they had such personal knowledge. (Pl. Resp., ¶¶ 13-14.) Such evidence is relevant and admissible to counter Defendants' assertion that Plaintiff's accommodation request is unreasonable and unduly burdensome.

Finally, Defendants' argument that Plaintiff is misrepresenting the nature of the accommodations at the other properties and how similar they are to Plaintiff's requested accommodations here goes to the weight of that evidence, not its relevance, and as such is not an admissibility question, but rather a question for the fact finder.

Accordingly, Defendants' Motion *in Limine* to exclude evidence related to rental properties owned and/or operated by Defendants other than the three Philadelphia-area properties specifically mentioned in the Amended Complaint will be denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* will be **DENIED**.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**