IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAIR HOUSING RIGHTS CENTER IN SOUTHEASTERN PENNSYLVANIA : : : : v. : : : MORGAN PROPERTIES MANAGEMENT : COMPANY, LLC, ET AL. : | CIVIL ACTION<br><br>NO. 16-4677 |

## MEMORANDUM

**SURRICK, J.**                                                    **SEPTEMBER 19 , 2018**

Presently before the Court is Defendants' Motion to Amend Order to Add Certification Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings Pending Disposition of the Appeal. (ECF No. 69.) For the following reasons, Defendants' Motion will be denied.

**I.    BACKGROUND**

Plaintiff Fair Housing Rights Center in Southeastern Pennsylvania ("FHRC") brought claims against Defendants Morgan Properties Management Company ("MPMC") and affiliated properties, alleging that MPMC's policy of refusing to adjust the rental due date of its apartments for SSDI recipients violates the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601-3619.[1] FHRC alleges that MPMC's policy violates the FHAA's "reasonable accommodation" provision of 42 U.S.C. § 3604(f)(3)(B), and that the policy has a disparate impact on the disabled in violation of 42 U.S.C. § 3604(f)(1)(A).

---

[1] The Fair Housing Amendments Act of 1988 amended the Fair Housing Act of 1968 to extend protection to people with disabilities. Pub.L. No. 100-430, 102 Stat. 1619, *codified at* 42 U.S.C. § 3601, *et seq.*; *see, e.g.*, *Congdon v. Strine*, 854 F. Supp. 355, 359 (E.D. Pa. 1994)

### A. Procedural History

On September 1, 2016, Plaintiff filed an Amended Complaint alleging that Defendants had engaged in discriminatory actions and refused to make reasonable housing accommodations for persons with disabilities. (ECF No. 2.) On December 29, 2016, Defendants filed a Motion for Judgment on the Pleadings. (ECF No. 22.) On April 11, 2017, a Memorandum and Order were filed disposing of Defendants' Motion for Judgment on the Pleadings. (ECF Nos. 35, 36.) On November 22, 2017, Defendants filed a Motion for Summary Judgment. (ECF Nos. 53, 54.) On June 29, 2018, a Memorandum and Order were filed disposing of Defendants' Motion for Summary Judgment. (Mem. SJ & Order, ECF Nos. 67, 68.) On July 11, 2018, Defendants filed the instant Motion. (Def. Mot. and Br., ECF Nos. 69, 71.) On July 25, 2018, Plaintiff filed a Response in Opposition. (Pl. Resp., ECF No. 71.) On August 13, 2018, Defendants filed an Amended Reply. (Def. Reply, ECF No. 73.)

### B. Relevant Facts

A review of the facts in this matter appears in our Memorandum denying Defendants' Motion for Summary Judgment. (Mem. SJ.) To summarize, FHRC, a housing rights organization, alleges that Defendants are in violation of the FHAA based on Defendants' policy of not making permanent or indefinite changes to tenants' rental due dates. Specifically, FHRC contends that Social Security Disability Income (SSDI) recipients are being discriminated against and being denied reasonable accommodations. FHRC offered evidence that SSDI recipients are often dependent on their SSDI benefits, which are disbursed by the Government according to a fixed schedule. Because the timing of the benefits schedule does not correspond with Defendants' first-of-the-month rental due date, many SSDI recipients are unable to pay the rent on time for apartments they could otherwise afford. FHRC argues that Defendants'

2

inflexible rental due date policy is in violation of the FHAA's reasonable accommodation provision and disproportionately affects disabled renters in violation of the FHAA's disparate impact provision.

Defendants argue that FHRC's challenge to their rental due date policy is not a request for an accommodation based upon SSDI recipients' disabilities, but is rather a purely economic accommodation. Defendants argue that a disabled tenant's inability to pay rent on the first of the month is not a direct result of their disabilities but a result of their financial circumstances, and therefore it is not a legally necessary accommodation under the FHAA. They argue that even if such an accommodation is legally necessary, that accommodation would place an undue burden on Defendants and is therefore not reasonable. Their arguments against the disparate impact claim are essentially the same.

In our Memorandum dealing with the Motion for Summary Judgment, we concluded that the financial circumstances of disabled tenants may be considered in determining the legal necessity of an FHAA reasonable accommodation. Our conclusion was based on clear precedent from a factually analogous case in the Ninth Circuit, as well as other FHAA cases in the Sixth and Seventh Circuits. (Mem. SJ 13-15.) This was the second time in the course of this litigation that we reached this conclusion. Defendants had made the exact same argument in their Motion for Judgment on the Pleadings. We went on to find that Plaintiff had shown that there was a genuine dispute of material fact regarding whether its requested accommodation was necessary and reasonable to afford SSDI recipients an equal opportunity to use and enjoy housing at Defendants' properties. (*Id.* at 16-20.) We also found that there was a genuine dispute of material fact regarding whether Defendants' rental policy disproportionately burdened SSDI recipients so as to cause a disparate impact. (*Id.* 20-23.)

3

Defendants' instant Motion requests that this Court certify the following question for interlocutory review: "[Does] the FHAA require[] landlord[s] to make financial accommodations for disabled tenants?" (Def. Br. 4.)

## II.     LEGAL STANDARD

Generally, an order denying a dispositive motion is not immediately appealable because it is not a final judgment. *See In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009) ("Denials of motions to dismiss are not final orders, and a losing party may not ordinarily pursue an immediate appeal from them."). However, district courts may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* To certify a non-final order for interlocutory appeal, "[t]he order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately, 'materially advance the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)). However, "[t]he certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

The decision to certify an order for interlocutory review is only appropriate in "exceptional circumstances and we should be mindful of the strong policy against piecemeal appeals when exercising our discretion." *U.S. ex rel. Nevyas v. Allergan, Inc.*, No. 09-432, 2015 WL 4064629, at *2 (E.D. Pa. July 2, 2015) (citation and internal quotation marks omitted). "The Third Circuit has held that certification is to be used in exceptional cases where an immediate appeal would avoid protracted and expensive litigation." *Zygmuntowicz v. Hosp. Investments, Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993) (internal citations omitted). "The party seeking

4

interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Premick v. Dick's Sporting Goods, Inc.*, No. 06-530, 2007 WL 588992, at *1 (W.D. Pa. Feb. 20, 2007) (citation omitted).

## III. DISCUSSION

Initially, we note that Defendants' proffered question for certification is not an accurate statement of our holding. We held that the FHAA allows consideration of a disabled person's financial circumstances when determining whether an accommodation is legally necessary, not that the FHAA requires financial accommodations for disabled tenants. These are two different questions. Under the FHAA, many accommodations will require property owners to spend money to accommodate a disabled tenant, *e.g.*, installing a wheelchair accessible ramp to the entrance of an apartment building. Defining what exactly is a *financial* accommodation is not the issue here. Rather, the issue is whether the disabled plaintiff's financial circumstances may be considered in determining the necessity of the requested accommodation. We address this issue below.

### A. Three-Part Test for Interlocutory Appeal

As noted above, a non-final order may be certified for interlocutory appeal if it: (1) involves a "controlling question of law," (2) for which there is "substantial ground for difference of opinion," and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. *Katz*, 496 F.2d at 754. "Before an order can be certified all three of the factors identified in § 1292(b) must be met; the importance of a single factor, standing alone, cannot be determinative." *Piazza v. Major League Baseball*, 836 F. Supp. 269, 270 (E.D. Pa. 1993) (citing *Katz*, 496 F.2d at 754). We address each factor in turn.

### 1. *Controlling Question of Law*

"An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is 'serious to the conduct of the litigation either practically or legally.'" *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 705 (quoting *Katz*, 496 F.2d at 755). On a practical level, "saving of time of the district court and of expense to the litigants . . . [is] a highly relevant factor." *Burlington v. News Corp.*, No. 09-1908, 2015 WL 158746, at *3 (E.D. Pa. Jan. 12, 2015) (quoting *Katz*, 496 F.2d at 755). On a legal level, "[c]ertification to appeal [an] interlocutory [o]rder is inappropriate when the underlying order involve[s] mixed questions of law and fact because Section 1292(b) was not designed to secure appellate review of factual matters." *In re Fasteners Antitrust Litig.*, No. 08-1912, 2012 WL 3194377, at *3 (E.D. Pa. Aug. 6, 2012) (quoting *Glover v. Udren*, No. 08–990, 2011 WL 3290238, at *2 (W.D. Pa. June 30, 2011)).

Our conclusion that the FHA does permit consideration of a disabled person's financial circumstances in determining whether a reasonable accommodation is legally necessary represents a controlling question of law. If the Third Circuit were to disagree with our conclusion, it would likely result in a reversible error if presented on final appeal. The gravamen of FHRC's reasonable accommodation challenge is that Defendants' inflexible rental policy fails to accommodate the timing of SSDI recipients' receipt of their benefit payments. Plaintiff presented evidence that SSDI recipients are often dependent on these benefit payments for their primary income, that they cannot alter when they receive their benefit payments, and that the timing of these benefit payments makes it difficult for them to adhere to a first-of-the-month rental due date schedule. We relied on these facts, all properly characterized as SSDI recipients'

financial circumstances, in concluding that there is a genuine dispute of material fact as to the legal necessity of Plaintiff's requested accommodation. If those circumstances may not be considered in determining the legal necessity of a reasonable accommodation, then we would likely be reversed on appeal. Accordingly, this does represent a controlling question of law.

2. *Substantial Ground for Difference of Opinion*

Defendants must show that "there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." *Bush*, 629 F. Supp. 2d at 475 (citation omitted). "The difference of opinion must involve one or more difficult and pivotal questions of law not settled by controlling authority and the party has the burden of showing the different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." *Glover*, 2013 WL 3072377, at *3 (internal quotation marks and citations omitted); *see also In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 706 ("The existence of conflicting judicial opinions provides support for certification of an appeal, as does a lack of binding precedent."). However, a matter of first impression is not, in and of itself, sufficient to support certification for interlocutory appeal. *Cuttic v. Crozer-Chester Med. Ctr.*, 806 F. Supp. 2d 796, 805 (E.D. Pa. 2011); *see also Shaup v. Frederickson*, No. 97-7260, 1998 WL 800321, at *3 (E.D. Pa. Nov. 17, 1998) ("If questions of first impression alone were sufficient to warrant certification for an immediate appeal, our Court of Appeals would be besieged with piecemeal interlocutory appeals.").

As discussed in our Memorandum on Defendants' Motion for Summary Judgment, a number of Circuits have held that the financial circumstances of disabled plaintiffs may be considered when determining whether an FHAA accommodation is legally necessary. (*See* Mem. SJ 13-15.) We noted that the leading case most factually analogous to this one was

7

decided by the Ninth Circuit in 2003, when that court held that the financial circumstances of a disabled tenant were properly considered in determining the legal necessity of a reasonable accommodation. *Giebeler v. M & B Associates*, 343 F.3d 1143, 1152 n.6 (9th Cir. 2003) ("[E]xceptions to neutral policies may be mandated by the FHAA where disabled persons' disability-linked needs for alterations to the policies are essentially financial in nature.")

Defendants point to cases from the Second and Seventh Circuits, arguing that those courts have held that disabled plaintiffs' financial circumstances may not be considered under the FHAA's reasonable accommodation analysis. *See Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 302 (2d Cir. 1998) (holding that Section 8 plaintiffs could not require defendant landlord to accept Section 8 residents as an FHAA accommodation because it would not be an accommodation of their disability but rather their inability to pay rent without Section 8 funding); *Hemisphere Building Co., Inc. v. Village of Richton Park*, 171 F.3d 437, 440-41 (7th Cir. 1999) (citing *Salute* in holding that FHAA zoning cases may not consider disabled people's financial circumstances).

The court in *Giebeler* discussed the decision of the Supreme Court in *U.S. Airways v. Barnett*, 535 U.S. 391 (2002), which came after *Salute* and *Hemisphere Building* and significantly undercut the Second Circuit and Seventh Circuit by explicitly holding that a reasonable accommodation (1) may result in a preference for disabled individuals over otherwise similarly situated nondisabled individuals in order to ameliorate the effects of a disability and (2) "are not limited only to lowering barriers created by the disability itself." *Giebeler*, 343 F.3d at 1150-55. Moreover, the Seventh Circuit has since held several times that financial considerations *are* relevant to the necessity analysis of an FHAA reasonable accommodation. *See Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 787 (7th Cir. 2002)

8

(holding that zoning variance was a necessary accommodation for a group home for the disabled plaintiffs in part because their financial circumstances were such that they could not afford individual homes); *Valencia v. City of Springfield*, 883 F.3d 959, 968-71 (7th Cir. 2018) (reaffirming the holding in *Oconomowoc* that disabled plaintiffs' inability to afford individual homes provides support for the legal necessity of a group home zoning variance under the FHAA).

In addition, *Salute* is easily distinguished from *Giebeler* and the instant case. The *Salute* court held that Section 8 plaintiffs who could not otherwise afford to live in an apartment could not force a landlord to accept Section 8 funding under the reasonable accommodation provision. *Salute*, 136 F.3d at 302. The Section 8 plaintiffs in *Salute* could not afford the apartments under normal circumstances, and the FHAA would not raise their financial standing. *Id.* The plaintiff in *Giebeler* on the other hand was denied tenancy because even though he could afford the monthly rent, he could not satisfy the minimum income requirement after he became unable to work and was reduced to living on disability benefits. *Giebeler*, 343 F.3d at 1145-46. The *Giebeler* plaintiff offered to have his mother co-sign the lease in order to satisfy the minimum income requirement, but the property owners had a policy against co-signors. *Id.* A crucial distinction between *Giebeler* and *Salute* is that the plaintiff in *Giebeler* had been gainfully employed before becoming disabled, was able to pay the monthly rent, and would have been able to meet the minimum income requirements under his previous financial circumstances – that is, but for his disability, he was prevented from renting an apartment for which he was otherwise qualified. *Id.* at 1147-48. The *Giebeler* plaintiff was simply requesting that his financial circumstances, which were directly linked to his disability, be considered in determining whether the property owner should accommodate him in waiving a procedural requirement. The Ninth

9

Circuit recognized the "direct causal link" between his disability, his inability to work, and his inability to comply with the property owners' minimum income requirement, and held that his requested accommodation was legally necessary under the FHAA. *Id.* at 1147-48, 1155.

We do not find that there is a substantial ground for difference of opinion on this issue rising to the level that necessitates the exceptional remedy of an interlocutory appeal. Here, like the plaintiff in *Giebeler*, Plaintiff has shown that there are SSDI recipients who are financially able to rent apartments at Defendants' properties, but because of Defendants' rental due date policy, SSDI recipients – disabled people – are prevented from renting apartments for which they are otherwise qualified. That is, as a direct result of their disability, they are not allowed to rent from Defendants. Our holding is not in conflict with the rulings of the Second Circuit. However, even if it is in conflict, we are satisfied that one potentially conflicting Circuit precedent does not necessitate an interlocutory appeal. This is a matter of first impression in the Third Circuit. Given how relevant the particular factual circumstances are in these types of cases, as evidenced by the preceding analysis, we find that there is not a substantial ground for difference of opinion on this issue.

### 3. Materially Advance Termination of the Litigation

In considering whether an appeal would materially advance the ultimate termination of litigation, "courts have focused on whether an appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *United States v. Exide Corp.*, No. 00-3057, 2002 WL 992817, at *2 (E.D. Pa. May 15, 2002); *see also Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008) (considering "whether the need for trial would be eliminated [and] whether the trial would be simplified by the elimination of complex issues").

Courts often consider whether the parties have initiated discovery.  "Cases in which discovery has closed are generally inappropriate for interlocutory appeal because they are rapidly approaching conclusion under their own momentum."  *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 707 (citation omitted).  "Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set."  *Katz v. Live Nation, Inc.*, No. 09-3740, 2010 WL 3522792, at *3 (D.N.J. Sept. 2, 2010); *see also UnitedHealth Grp. Inc. v. MacElree Harvey, Ltd.*, No. 16-1026, 2016 WL 5239675, at *3 (E.D. Pa. Sept. 21, 2016) (holding that immediate appeal would materially advance termination of the litigation because the case was "early in its life-cycle" and "[s]ubstantial discovery ha[d] not yet occurred").

We are satisfied that interlocutory appeal would not materially advance the termination of this litigation.  The parties have already conducted extensive discovery, including the exchange of expert reports and depositions of seventeen witnesses.  The parties have briefed, and the Court has ruled on, two dispositive motions.  Defendants have made the same legal argument against FHRC's reasonable accommodation request three times now, and could have moved for interlocutory appeal following their Motion for Judgment on the Pleadings, which would have allowed a possible answer to their question before wide ranging discovery was concluded.  In addition, a Third Circuit ruling in favor of Defendants on this issue would not eliminate the need for a trial, as FHRC's disparate impact claim would remain.  Moreover, the disparate impact claim will require the parties to litigate many of the same evidentiary issues relevant to the reasonable accommodation claim, and thus would not save the parties and this Court much time or expense.  (*See* Mem. SJ 21-22) (noting that the burden shifting test for FHAA discrimination claims is similar to the FHAA reasonable accommodation analysis).

The importance of the factual circumstances surrounding the issues in this case supports the necessity of developing a factual record at trial so that any future appeal would be able to answer these FHAA questions armed with all of the necessary information. An appeal here would not avoid protracted and expensive litigation. We are past that point. We will not further delay this resolution by permitting "piecemeal review and its attendant delays and waste of time." *Katz*, 496 F.2d at 764.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Certify will be denied.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**